IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GENE RENARD WILSON, | : |
| Plaintiff, | : |
| v. | : Case No. 3:25-cv-31-CDL-AGH |
| Officer JOHNATHAN DAWSON, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Before the Court are Plaintiff's complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), as well as his thirty-seven motions for injunctive relief (ECF Nos. 6, 8-43). For the reasons stated below, the Court orders Plaintiff to recast his complaint and recommends that Plaintiff's motions for injunctive relief be denied.

**DISCUSSION**

**I.    Preliminary Review Requirement**

On March 19, 2025, the Court granted (ECF No. 7) Plaintiff's recast motion to proceed *in forma pauperis* ("IFP") (ECF No. 5). Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2). That statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is

frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a

legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Further, *pro se* litigants are required to conform to the Federal Rules of Civil Procedure. *See Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) ("Once a *pro se* litigant is in court, he is subject to the relevant laws and rules of the court, including the Federal Rules of Civil Procedure." (internal quotation marks omitted)). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## II.   Plaintiff's Complaint

Plaintiff alleges that he was placed on state probation following a conviction in a Georgia court for armed robbery, aggravated assault, burglary, and possession of a firearm during the commission of a crime. Compl. 1-2, ECF No. 1. Plaintiff appears to assert violations of his due process rights because he had his probation erroneously revoked. *Id.* at 2-5. Plaintiff seeks to have his state probation terminated, damages, and declaratory relief. *Id.* at 8. He names as Defendants a state court judge, a district attorney, and two probation officers. *Id.* at 1. As drafted, Plaintiff's complaint is subject to dismissal for several reasons.

First, Plaintiff fails to link any of the named Defendants to federal constitutional or statutory violations. The sole exceptions are an allegation that Defendant Community Supervision Officer Johnathan Dawson told Plaintiff's

"employer that [P]laintiff was a drug addict without having [proof] of said drug test[,]" and that Defendant Judge Lawton Stephens revoked Plaintiff's probation. Compl. 8, 4, ECF No. 1. However, the allegation that Defendant Dawson told Plaintiff's employer that Plaintiff was a drug addict sounds in state tort law, rather than a federal constitutional or statutory violation.[1] Further, Plaintiff does not state when this alleged act occurred. Plaintiff makes no allegation against Defendants Community Supervision Officer Seawright or District Attorney Deborah Gonzalez. Plaintiff's complaint is thus subject to dismissal for failing to link any Defendant to federal constitutional or statutory violations.

Second, Defendants are entitled to various forms of immunity against suit under § 1983. Defendant Judge Stephens is entitled to absolute judicial immunity. It is well settled that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 356). To determine whether a judge's acts occurred while acting in a judicial capacity, courts look to

> whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his [or her] judicial capacity.

---

[1] The allegation that Defendant Judge Stephens revoked Plaintiff's probation is addressed in the Court's discussion of immunity from suit.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citation omitted). Given the paucity of allegations against Defendant Judge Stephens, it appears that Defendant Judge Stephens is entitled to absolute judicial immunity because he revoked Plaintiff's probation, which is a normal judicial function, and the revocation involved a case pending before Defendant Judge Stephens. Consequently, Defendant Judge Stephens is immune from suit.

Defendant District Attorney Gonzalez is likewise entitled to absolute immunity from suit. "Prosecutors are entitled to absolute immunity from damages for their acts or omissions in the course of initiating a prosecution." *Harris v. Goderick*, 608 F. App'x 760, 762 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). "However, a prosecutor is not entitled to immunity if [she] is functioning as an investigator or a complaining witness rather than an advocate for the government." *Id.* (citation omitted). Plaintiff failed to make any allegations against Defendant District Attorney Gonzalez. Thus, it appears she is immune from suit.

Further, it is likely that Defendants Community Supervision Officers Dawson and Seawright are immune from suit. The Eleventh Circuit has repeatedly held that state probation officers are entitled to some form of immunity. *See Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984) (affirming the district court's finding that state probation officers were immune from suit by extending *Spaulding v. Nielsen*, 599 F.2d 728 (5th Cir. 1979)); *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (finding probation officers are entitled to quasi-judicial immunity in

preparing presentence investigation reports); *Rolle v. Raysor*, 267 F. App'x 925, 926 (11th Cir. 2008) (affirming dismissal of complaint at preliminary screening, in part, because probation officer was immune from suit under § 1983).

Third, the Court notes that, to the extent that Plaintiff seeks to assert a claim for an alleged denial of his due process rights based on the revocation of his probation, a "procedural due process violation is only cognizable under § 1983 'when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" *Collier v. Conway*, 672 F. App'x 950, 952 (11th Cir. 2016) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)). Georgia provides a process that is sufficient to challenge probation revocations. *See Johnson v. Boyington*, 273 Ga. 420 (Ga. 2001) (reversing the state habeas court's denial of habeas in a probation revocation). Thus, any alleged due process claim would be subject to dismissal.

Finally, Plaintiff's claims may likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Probation revocation proceedings—even challenges to the process of probation revocation—are subject to the *Heck* bar. *Cobb v. Fla.*, 293 F. App'x 708, 709 (11th Cir. 2008) (affirming dismissal at preliminary screening based on *Heck* because "the necessary implication of a grant of relief would be that [the plaintiff's] probation revocation is invalid.").

Plaintiff shall have fourteen (14) days from the date of this Order to file a recast complaint to address these shortcomings. Plaintiff's recast complaint shall take the place of all allegations made in the original complaint. The Court will consider <u>only</u> the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint or other documents submitted to the Court. Accordingly, any fact Plaintiff deems necessary to prosecute his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff shall also clearly identify those individuals he wishes to include as named defendants in this case. It is also recommended that, when drafting his recast statement of claims, Plaintiff succinctly state in a numbered list (1) who Plaintiff seeks to include as a defendant, (2) what each defendant did to violate Plaintiff's rights or breach an obligation to Plaintiff, (3) when and where each action occurred, (4) how Plaintiff was injured as a result of each defendant's actions, and (5) what relief Plaintiff seeks from each defendant. Plaintiff should state his claims as simply as possible; he need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The Court warns Plaintiff that that it may dismiss his action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure

7

Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.").

## III. Injunctive Relief

In his thirty-seven motions,[2] Plaintiff repeatedly seeks relief which is generally related to the claims he asserts in his complaint (ECF Nos. 6, 8-43). In essence, Plaintiff asks the Court to enjoin and instruct various officers and employees of the State of Georgia from enforcing collateral consequences stemming from his prior state conviction, remove a private individual from his residence, and to halt any further state criminal proceedings against him. For several reasons, the Court recommends that these motions be denied.

Initially, the Court notes that many—if not most—of these motions have been generated using ChatGPT software, which enabled Plaintiff to provide largely similar inputs, resulting in the software generating largely cumulative motions seeking the same relief. Virtually all the motions are supported by conclusory allegations and bare citations to case law and statutes, without any factual assertions or analysis and application of the case law. Such motions waste the Court's finite judicial resources. While the Court cannot provide guidance to Plaintiff on the prosecution of his action, the Court has an obligation to safeguard its limited judicial resources to ensure that one litigant's case does not create a barrier to the Court's consideration of other

---

[2] On May 29, 2025, Plaintiff filed thirteen "emergency" motions (ECF Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23). A mere six days later, on June 4, 2025, Plaintiff filed another twenty "emergency" motions (ECF Nos. 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43).

8

litigants' cases. Plaintiff is warned that the continued filing of multiple, repetitive motions seeking essentially the same relief, and at the frantic pace these thirty-seven motions have been filed, may result in the Court imposing sanctions and restrictions on Plaintiff's ability to file future motions with the Court.[3] The Court now turns to its consideration of Plaintiff's motions for injunctive relief.

A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). Factors a movant must show to be entitled to a preliminary injunction include: (1) a substantial likelihood of ultimate success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction will not harm the public interest. *Id.*

Plaintiff only addresses the required factors to show that he is entitled to a preliminary injunction in <u>one</u> of his thirty-seven motions (ECF No. 6). The facts of this matter have also not yet been sufficiently developed to properly consider the required factors. Further, most of the relief Plaintiff seeks will accomplish at least some of the relief that he seeks in his complaint.[4] Compl. 8, ECF No. 1. It also

---

[3] In multiple motions, Plaintiff seeks a ruling, an expedited ruling, or even an immediate ruling on his motions (ECF Nos. 8, 10, 13, 14, 17, 18, 19, 20, 21, 23, 25, 26, 32, 34, 36, 37, 38, 39, 40). Plaintiff even requests an order explaining the delay in ruling on his motions (ECF No. 29). However, any delay in the Court's review of Plaintiff's motions was caused by Plaintiff himself by filing largely repetitive motions, seeking essentially the same relief, which necessitated a longer period of review by the Court. Plaintiff need not file a motion requesting that the Court review said motion or any other motion, as the motion itself informs the Court that Plaintiff is seeking relief.

[4] In many of his motions, Plaintiff also seeks to be removed from Georgia's sex offender registry, *see,*

appears that the relief Plaintiff seeks in his motions is in the nature of a writ of mandamus ordering state officials to take action within their respective duties. This Court does not have the authority to grant such relief. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that federal courts lack the power to issue writs compelling action by state officials in the performance of their duties).[5]

As best the Court can tell, Plaintiff asks for the following general forms of relief in his numerous motions—none of which the Court can or should grant.[6] First, to the extent Plaintiff seeks to remove a private individual from his residence (ECF Nos. 13, 17, 18, 19, 20, 23, 25, 41, 42), he may seek such relief in the state courts of Georgia. *See, e.g.*, O.C.G.A. § 9-13-4 (protective orders). Second, to the extent Plaintiff seeks to have the United States Marshals Service serve process in this case (ECF Nos. 12, 14, 15, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 35, 36, 37, 38, 39, 40, 41, 42), that request does not require an emergency motion or injunctive relief. Since Plaintiff has been granted leave to proceed IFP, the Court will have the obligation and duty to attempt to serve the complaint through the Marshals should Plaintiff's recast complaint proceed for further factual development following preliminary review. *See* 28 U.S.C. § 1915(d). Third, virtually all of Plaintiff's motions seek to have this Court interfere

---

*e.g.*, ECF Nos. 8, 9, 10, which is unrelated to the claims he asserts in his complaint.

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[6] To the extent that Plaintiff seeks other relief in his motions, the Court has attempted to construe his requests into broader categories to facilitate review, and the other forms of relief should likewise be denied for the reasons discussed herein.

in ongoing state criminal matters—which have not terminated in his favor—and which as discussed above, the Court cannot do in this instance. *Heck*, 512 U.S. at 487. Fourth, to the extent Plaintiff seeks to have the United States Marshals Service "intervene" in any state criminal proceedings or remove Plaintiff from state custody (ECF Nos. 12, 14, 15, 16, 24, 30, 32), the United States Marshals Service does not "intervene" in state criminal proceedings or remove litigants from state custody. Fifth, the Court similarly cannot "immediately forward" or "refer" this action to the United States Court of Appeals for the Eleventh Circuit or the Supreme Court of the United States (ECF Nos. 10, 14, 24, 30, 31, 32). Plaintiff's motions should consequently be denied.

Moreover, Plaintiff is being ordered to recast his complaint and Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any future claims for injunctive relief can be addressed as this case proceeds. For all of these reasons, the Court recommends denying Plaintiff's motions seeking emergency injunctive relief (ECF Nos. 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43).

## CONCLUSION

For the reasons explained above, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint to the Clerk of Court. Plaintiff is advised that his failure to fully and timely comply with this Order may

result in the dismissal of this action. **IT IS RECOMMENDED** that Plaintiff's motions for emergency injunctive relief (ECF Nos. 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43), be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length.   The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 20th day of June, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE